**STATE, Plaintiff-Appellee, v. JONES, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2377.   Decided November 21, 1956.

Mathias H. Heck, Pros. Atty., By J. B. Carter, Asst. Pros. Atty., Dayton, for plaintiff-appellee.

William T. Pollak, Dayton, for defendant-appellant.

## OPINION

Per CURIAM:

This is an appeal from conviction and sentence of defendant on the charge of contributing to the neglect of a minor three years of age. Two errors are assigned, namely, that the State failed to prove venue of the crime charged, and to establish the essential of the offense that defendant encouraged and contributed to the neglect of the minor.

The record is in the form of an entry authenticated by the trial judge and made a part of the transcript of docket and journal entries. Although the testimony is set out in narrative form, we must accept it as being a complete and accurate statement of the evidence adduced, although it may be the fact that, in the mass of cases which the juvenile judge has to consider and adjudicate, by inadvertence some evidence adduced at the trial is not incorporated in the entry. However, we may not, as urged by appellee in its brief, assume that there was any other or further evidence before the trial judge at the time of the conviction and sentence. We set out all of the material parts of the judgment entry reciting the evidence:

"Mabel McDavis, being first duly sworn according to law testified to the following; to-wit: Her name was Mabel McDavis and that she was a case worker of the Montgomery County Child Welfare Board, which had temporary custody of Jeffrey Lynn Jones, a minor, age 3 years. That sometime in February, 1956, in a discussion with Herta Lee Jones, mother of the child, Jeffrey Lynn Jones she advised the defendant, Herta Lee Jones that an investigation of home of the Aunt of Herta Lee Jones showed the Aunt's home to be a proper home to place the child. That the Aunt's name was Sadie Colburn of Lewisburg, Mississippi.

"That she, Mabel McDavis, took the child to the train station and delivered the child there to Herta Lee Jones, who was to take the child to Sadie Colburn's home in Lewisburg, Mississippi and that Herta Lee Jones did take the child to said Aunt's home in Lewisburg Mississippi.

"That thereafter she received a letter from a case worker in Mississippi concerning the child. Defendant's counsel objected and the court sustained the objections as to the contents of the letter.

"That Mabel McDavis testified that on March 5, 1956, she had received information which led her to believe that the child was with its mother, Herta Lee Jones, that she telephoned defendant Herta Lee Jones and asked her if she had the child.

"Herta Lee Jones replied she did not have the child and Mabel McDavis on the telephone said she did. Mabel McDavis thereupon in the same March 5, 1956 telephone conversation told defendant to return the child to her by noon, and that if Herta Lee Jones did not or could not, that she, Mabel McDavis, would come and get the child. Herta Lee Jones replied there was no use to come and get the child, that she did not have it and could not give the child to her."

It is unnecessary to eleborate at length upon the complete failure of proof of the essentials of the offense charged which is exemplified by a mere reading of the testimony. It is true that the court may take judicial notice of the fact that the Montgomery County Child Welfare Board was an organization functioning in Montgomery County, Ohio, and that it had temporary custody of the minor, Jeffrey Lynn Jones, but it was essential to the proof that the defendant unlawfully removed the minor from the control and custody of the Board, that it be done against the will and without the consent of said Board. The proof according to the record is that at no time there appearing did the defendant have the custody of the minor except by and with the consent of the Board and it appears that she took the child to Lewisburg,

Mississippi, as directed by the Board. There is no showing whatever that the defendant had possession of the child at any other place than Dayton and Mississippi and during the time and at the places where she had the custody, it was by and with the direction of the Board. There is no showing whatever that subsequent to the time that she left the child in Mississippi she again had its custody. Thus, it is evident that the State failed completely to establish venue or to establish the other essentials of the offense charged.

Both errors assigned are well made. The motion to dismiss the defendant at the conclusion of the testimony should have been sustained.

Judgment reversed and defendant discharged.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.